United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN SHAFFER,<br>Plaintiff,<br>v.<br>TOMPKINS, et al.,<br>Defendants. | Case No. 26-cv-04375-NW<br><br>**ORDER SCREENING AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Devin Shaffer filed a *pro se* civil rights lawsuit alleging excessive force by San Jose Police Department ("SJPD") Officers Tompkins and Kimber and deliberate indifference claims against unnamed Santa Clara Valley Medical Jail personnel. ECF No. 1. The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court **DISMISSES** the Complaint with leave to amend.

## I. BACKGROUND

Shaffer alleges in his Complaint[1] that, on February 26, 2011, Shaffer went to his mother's home, where he allegedly accidentally broke a window and injured his wrist as he tried to enter the locked home. Shaffer states that he had received his mother's permission to be there the night before, but his mother called the police after he broke the window. Shaffer then "unthoughtfully ma[d]e homicidal/suicidal statements" to her as she spoke to 911 behind a locked door in her bedroom. ECF No. 1 at 5.

Following Shaffer's arrest, Tompkins allegedly used excessive force against Shaffer as he and Kimber booked Shaffer into jail. Shaffer states that he was brought into the booking area of

[1] All allegations in this section are from the Complaint. *See* ECF No. 1.

United States District Court
Northern District of California

the jail from a psychiatric facility, and he had been frisked multiple times by the time he arrived at the jail. During the booking, Tompkins allegedly searched Shaffer, who remained handcuffed. Tompkins then "began to grope and fondle [Shaffer's] genital area excessively from outside of his pants." ECF No. 1 at 7. The search "felt intentional and unwarranted as [Tompkins] made the same groping, fondling motion in the same area over three times and was not moving on to other areas of [Shaffer's] body." *Id.* Shaffer reportedly expressed his disapproval and asked Tompkins to stop. In response, Tompkins allegedly said, "he's resisting" and "swung [Shaffer] around, stuck out his leg in front of [Shaffer] and very hardly with an excessive amount of force pushed [Shaffer] over [his] leg, causing [Shaffer] to fall face first [onto] the floor with his hands cuffed behind his back." *Id.* at 8. Shaffer hit his head on the floor, sustaining a large bump, a laceration to the left side of his skull, and temporarily impaired vision in his left eye. Shaffer alleges that Tompkins and Kimber then filed reports falsely stating that Shaffer was struggling and resisting, and that they feared Shaffer was going to attack them.

Shaffer was examined by jail nursing staff after his injury. The nursing staff "downplayed his injuries and erroneously cleared [him] without further medical attention." ECF No. 1 at 9. Shaffer "believes the proper protocol for this was to evaluate his injury via a [CT Scan]." *Id.* at 10. Shaffer alleges that he now has a visible "indentation and bump" on the crown of his skull. *Id.* at 12. He also generally contends that Defendants were biased against him. He seeks monetary damages.

## II. LEGAL STANDARD

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corr. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Actions in this context include when a defendant engages in the affirmative act, participates in another's affirmative act, or fails to perform a legally required act. *Leer*, 844 F.2d at 633.

## III. DISCUSSION

The Court evaluates Shaffer's claims below.

### A. Arrest

Shaffer suggests in his Complaint that his mother made misleading statements to police, and that he was wrongfully accused of breaking into her home with the intention of harming her despite having her permission to be there. Shaffer's mother does not, however, appear to be a person who acted under the color of state law; Shaffer's allegations therefore do not state a

cognizable civil rights claim. *See West*, 487 U.S. at 48. This claim is **DISMISSED WITHOUT PREJUDICE** to Shaffer pursuing relief through appropriate channels, such as habeas corpus.

**B. Pat Search**

Shaffer alleges that Tompkins needlessly pat searched and "grope[d]" and "fondle[d]" Shaffer's genital area. ECF No. 1 at 7. The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV; *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995). Beyond prohibiting unreasonable searches, "the Fourth Amendment generally proscribes 'unreasonable intrusions on one's bodily integrity,' . . . and other harassing and abusive behavior that rises to the level of 'unreasonable seizure.'" *See Fontana v. Haskin*, 262 F.3d 871, 878-79 (9th Cir. 2001) (citing *Headwaters Forest Def. v. Cnty. of Humboldt*, 240 F.3d 1185, 1199 (9th Cir. 2001)). Assessing the constitutionality of police action during a search or seizure involves "a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). Here, although the Court questions whether the claim is timely, liberally construing the allegations regarding Tompkins' conduct during the pat search, the Court concludes that Shaffer states a cognizable Fourth Amendment claim of sexual harassment in violation of the Fourth Amendment. To the extent Shaffer argues in his Complaint that the pat search was unwarranted, the Court will consider his argument in assessing whether Tompkins' conduct was reasonable under the Fourth Amendment.

**C. Excessive Force**

Shaffer also asserts that Tompkins and Kimber used excessive force against him after he expressed disapproval of Tompkins' alleged sexual contact. ECF No. 1 at 8. The Fourth Amendment protects arrestees from the use of excessive force amounting to an unreasonable seizure. *See Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996) (Fourth Amendment reasonableness standard applies to allegations of excessive force against arrestee). Although claims of excessive force are generally analyzed under the Fourth Amendment's reasonableness standard, it is well-established that "[g]ratuitous and completely unnecessary acts

of violence by the police during a seizure violate the Fourth Amendment." *Fontana*, 262 F.3d at 880. Here, liberally construing the Complaint, Shaffer states a cognizable claim of excessive force against Tompkins. But the Complaint does not provide sufficient information about Kimber's actions throughout the encounter, and Shaffer therefore does not state a cognizable claim against Kimber. The Court **DISMISSES** the claim against Kimber with leave to amend so Shaffer may provide more information, if Shaffer has a legitimate basis for doing so.

**D. Medical Care**

Shaffer alleges that Tompkins and Kimber misrepresented the nature of his injuries to unnamed medical personnel at the Santa Clara Valley County Jail, who then provided subpar medical care following the incident described above. *See* ECF No. 1 at 9. Deliberate indifference to a pretrial detainee's health or safety needs violates the Fourteenth Amendment's Due Process Clause. *See, e.g., Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). A jail official is deliberately indifferent if he knows that a detainee faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In the pretrial detention context, a plaintiff need only show that the jail official was objectively, deliberately indifferent and need not prove subjective deliberate indifference. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018).

Here, Shaffer's allegations regarding false statements made to medical personnel and in their reports about the incident state a cognizable claim of deliberate indifference. *See, e.g., Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) ("[Deliberate indifference] may appear when prison officials deny, delay or intentionally interfere with medical treatment[.]") (citation modified). Shaffer may also be able to state a cognizable claim of deliberate indifference based on the unnamed medical professionals' alleged failure to properly evaluate his medical condition. But Shaffer does not provide enough information about who provided treatment, *e.g.*, one or more nurses, or any actions each Doe Defendant took. He must therefore provide additional details before the Court can determine whether he states a cognizable claim. *See Gibson v. City of Portland*, 165 F. 4th 1265, 1271 (9th Cir. 2026) (holding that, in actions naming multiple defendants, complaints fail to satisfy Federal Rule of Civil Procedure 8(a)(2) via "shotgun

United States District Court
Northern District of California

pleadings," *i.e.*, by making allegations referring to defendants collectively and "leaving . . . [d]efendants, [and] the district court, . . . to decipher the details.").

## IV. CONCLUSION

The Court orders as follows:

1. The claims against Shaffer's mother are **DISMISSED WITHOUT PREJUDICE** as specified above.
2. Shaffer states cognizable claims of sexual harassment, excessive force, and deliberate indifference against Tompkins.
3. Shaffer states a cognizable claim of deliberate indifference against Kimber.
4. The excessive force claim against Kimber and the deliberate indifference claims against Doe Defendants are **DISMISSED WITH LEAVE TO AMEND** so Shaffer may address the deficiencies identified above.
5. Shaffer has been granted limited leave to amend his Complaint. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words "Amended Complaint" on the first page. Because an amended complaint completely replaces the original, Shaffer must include all claims and allegations of fact to support his claims. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Shaffer is cautioned that he may not incorporate material from the prior complaint by reference. He must reallege all claims he wants to pursue within the body of his complaint. Failure to amend within the designated time will result in this action moving forward only as to the sexual harassment, excessive force, and deliberate indifference claims against Tompkins and the deliberate indifference claim against Kimber.
6. It is Shaffer's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure

to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. The Clerk is requested to send a blank prisoner civil rights form to Shaffer with his copy of this order.

**IT IS SO ORDERED.**

Dated: July 27, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California